### NICHOLS  v.  SPRAGUE S. S. CO.
### Civ. A. No. 52–463.

United States District Court
D. Massachusetts.

Feb. 18, 1954.

Stanley H. Rudman and Schneider, Rielly, Rudman & McArdle, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant, relying on 33 U.S.C.A. § 933(c) as interpreted in Christensen v. United States, 2 Cir., 194 F.2d 978, moves for summary judgment. The ground is that whatever claim the administrator of the late Alexander Virboski, a longshoreman, may have against a third person (Sprague Steamship Company, defendant herein), has been by operation of law assigned to the longshoreman's employer, Metropolitan Coal

---

**3.** 40 Tex.Jur. 551, sec. 114.

**4.** Western Union v. Junker, Tex.Civ.App., 153 S.W.2d 210.

Co., which paid $1,000 into the Special Treasury Fund, pursuant to the compensation order and award, dated April 28, 1952, made by the Deputy Commissioner of the First Compensation District, of the United States Department of Labor, Bureau of Employees' Compensation, functioning under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

As a District Judge my obligation is to follow rulings of Appellate Courts unless they seem to me manifestly wrong. And though this duty is not absolute where the rulings come from Courts of Appeal outside my own Circuit, a high degree of deference is due, and is particularly appropriate where following the rulings will enable an immediate appeal and possibly avoid an unnecessary jury trial. Obedient to such considerations, and without denying the force of Judge Frank's dissent, I shall follow the majority opinion in Christensen.

Motion granted. Judgment for defendant.